IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY ATTERBURY,

    Plaintiff,                               No. CIV S-05-2383 LKK DAD P

    vs.

ADAM WEINER, et al.,                    <u>ORDER AND</u>

    Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        In a complaint filed under the Civil Rights Act, 42 U.S.C. § 1983, the pro se plaintiff in this case seeks an award of monetary damages and injunctive relief against two attorneys who were representing plaintiff in El Dorado County Superior Court proceedings when this action was filed. By order filed March 30, 2006, this action was related to, but not consolidated with, <u>Atterbury v. Van Diver</u>, case No. CIV S-05-1365 DAD P. This case has been referred to the undersigned pursuant to Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        On December 2, 2005, plaintiff filed an incomplete application to proceed in forma pauperis. That application will be denied. On December 6, 2005, plaintiff filed a properly completed in forma pauperis application with a copy of plaintiff's trust account statement. The second application makes the showing required by 28 U.S.C. § 1915(a) and will be granted.

/////

1    Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  See
2    28 U.S.C. §§ 1914(a), 1915(b)(1), and 1915(h).  An initial partial filing fee of $2.50 will be
3    assessed by this order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the
4    appropriate agency to collect the initial partial filing fee from plaintiff's trust account and
5    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly
6    payments of twenty percent of the preceding month's income credited to his trust account.  These
7    payments are to be collected and forwarded by the appropriate agency to the Clerk of the Court
8    each time the amount in plaintiff's trust account exceeds $10.00, until the filing fee of $250.00 is
9    paid in full.  See 28 U.S.C. § 1915(b)(2).

10    When a plaintiff is proceeding in forma pauperis, the court is required to dismiss
11   the action if the court finds that the case is legally frivolous, fails to state a claim on which relief
12   may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28
13   U.S.C. § 1915(e)(2).  The court is also required to screen all complaints brought by prisoners
14   seeking relief against a governmental entity or an officer or employee of a governmental entity.
15   See 28 U.S.C. § 1915A(a).  The court must dismiss claims that are legally "frivolous or
16   malicious," that fail to state a claim upon which relief may be granted, or that seek monetary
17   relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) and (2).

18    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
19   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
20   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
21   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
22   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
23   pleaded, has both an arguable legal basis and an arguable factual basis.  See Jackson v. Arizona,
24   885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

25    A claim should be dismissed for failure to state a claim upon which relief may be
26   granted if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim

that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court will accept as true the allegations of the complaint. Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court will also construe the pleading in the light most favorable to the plaintiff and resolve doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff proceeding under § 1983 must allege that he was deprived of a right secured by the constitution or laws of the United States and that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The "under color of state law" requirement is an essential element of a § 1983 action, and it is the plaintiff's burden to establish that the defendants were acting under color of state law when they deprived him of federal rights. Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

Plaintiff in the present case alleges that he has brought two other lawsuits while confined. The undersigned takes judicial notice of the nine actions plaintiff filed in this court during the fifteen years that preceded the filing of this case as well as a subsequent action.[1] See

---

[1] See Atterbury v. Chapa, No. CIV S-92-2070 EJG GGH (voluntarily dismissed Nov. 6, 1995, after a stay was recommended); Atterbury v. Turley, No. CIV S-95-0050 EJG GGH (voluntarily dismissed Feb. 8, 1995, after being related to No. CIV S-92-2070); Atterbury v. Turley, No. 95-0578 WBS GGH (voluntarily dismissed Aug. 31, 1995, after receiving leave to amend); Atterbury v. El Dorado County Jail, No. CIV S-02-2272 FCD JFM (dismissed Jan. 31, 2003, for failure to keep the court apprised of a current address); Atterbury v. Grazini, No. CIV S-03-1809 GEB DAD (pending); Atterbury v. Grazaini, No. CIV S-05-1059 FCD DAD (transferred June 3, 2005, to another court); Atterbury v. Grazaini, No. CIV S-05-1062 LKK DAD (voluntarily dismissed Aug. 15, 2005, after petition dismissed for failure to allege habeas claims); Atterbury v. Van Diver, No. CIV S-05-1365 DAD (pending); Atterbury v. Grazaini, No. CIV S-05-1618 FCD PAN (dismissed Mar. 3, 2006 for failure to exhaust state court remedies); Atterbury v. Grazaini, No. CIV S-06-1153 FCD PAN (summarily dismissed Sept. 20, 2006).

MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). This action is not the only case in which plaintiff has sued defendants Adam Weiner and Davia Weiner.

Plaintiff describes Adam Weiner as a self-employed lawyer and Davia Weiner as a deputy public defender who is the wife of Adam Weiner. On the form complaint, plaintiff presents his claims as follows:

> Davia Weiner is not representing me or the attorney of record but she postponed my jury trial for unconditional release from a mental hospital, under CA Penal Code Section 1026.5, against my wishes and under duress, while ostensibly assisting her husband, Attorney Adam Weiner. I have tried to get appointed attorney Adam Weiner off my case for years and he is not my lawyer but is violating my rights.

Compl. at 3. In a typed attachment, plaintiff further alleges as follows: the state court began appointing Adam Weiner to plaintiff's state court proceedings about three years ago; Adam Weiner fails to advocate for plaintiff in the manner plaintiff expects and desires; Adam Weiner and Davia Weiner are not experienced in mental health law; Davia Weiner, who is not attorney of record, postponed plaintiff's trial against plaintiff's wishes and past the date plaintiff believes was his maximum release date from commitment to a state mental hospital pursuant to a criminal conviction of not guilty by reason of insanity; plaintiff has told Adam Weiner for three years to "get out of his life and leave him and his case alone under Faretta v. California," but Adam Weiner ignores plaintiff and works against plaintiff to keep him confined in a mental institution; several months prior to the filing of his action, Davia Weiner told plaintiff she was assisting her husband and that they needed to postpone his trial because they needed more time to prepare; Davia Weiner postponed the trial even though she and Adam Weiner had ample time to prepare before plaintiff's anticipated release date; plaintiff told Davia Weiner many times under Faretta v. California to leave him and his case alone; Adam and Davia Weiner have no right to be involved in plaintiff's case after he told them both several times to leave him and his case alone. (Id., Attach. at 1-2.)

1   Plaintiff contends that he has brought this suit under § 1983 because he has no
2   other remedy at law, as the state courts will not grant the relief he seeks and it would be a waste
3   of time to bring a suit in state court. (Id., Attach. at 2.) Plaintiff asserts that Adam Weiner is
4   acting under color of state law because "he was appointed to represent plaintiff by the El Dorado
5   Superior Court, and he is a regular court appointed attorney for that court, and Davia is assisting
6   him with his deliberate indifference in failing to do his duty as an active advocate." Id. Citing
7   Miranda v. Clark County Nevada, 319 F.3d 465 (9th Cir. 2003), plaintiff contends that "under
8   certain circumstances" attorneys can be sued under § 1983. Plaintiff concludes that his suit
9   against the defendants is not prohibited by Polk County v. Dodson, 454 U.S. 312 (1981). (Id.)

Plaintiff seeks the following relief:

> I want Adam & Davia Weiner to get out of my life & compensate
> me for postponing my jury trial past my release date and making
> me stay in custody longer, & causing me physical pain & more
> physical injury to my spine, & emotional pain & frustration.

(Compl. at 3.)

Plaintiff previously named Adam Weiner as a defendant in the case to which this action has been related. In case No. CIV S-05-1365 DAD, plaintiff alleges that El Dorado County always appoints Adam Weiner to represent plaintiff in state court proceedings, that Adam Weiner ignores plaintiff's complaints concerning county jail conditions, and plaintiff is not satisfied with Adam Weiner's representation. Plaintiff asks the court to restrain Adam Weiner and hold him liable. By order filed July 18, 2005, the undersigned informed plaintiff that, although lawyers are licensed by the state, they are not government officials merely because they are lawyers. See Polk County v. Dodson, 454 U.S. 312, 319 n.9 (1981) (citing In re Griffiths, 413 U.S. 717, 729 (1973)). Plaintiff was advised that an attorney appointed by the state to represent an individual in state court "does not act under color of state law when performing a lawyer's traditional functions as counsel." Id. at 318-19, 325. The undersigned determined that Adam Weiner is not a state actor and that the claims against him lack an arguable basis in law.

The court declined to serve the complaint in case No. CIV S-05-1365 DAD on Adam Weiner because the claims against him in that action are legally frivolous.

In plaintiff's most recently filed case in this court, No. CIV S-06-1153 FCD PAN, plaintiff sought habeas relief largely on the basis of claims against Adam and Davia Weiner. Plaintiff's first claim was that he was denied effective assistance of counsel. In support of this claim, plaintiff alleged that Adam Weiner and Davia Weiner postponed his trial against his will, "which gave the prosecution time to formulate a fictitious report to use against me." (Pet. in case No. CIV S-06-1153 FCD PAN, at 4.) In support of his second claim, denial of the right to a speedy trial, plaintiff alleged that his appointed lawyers, with the court's consent, kept postponing the trial and prejudiced plaintiff by giving the prosecution psychiatrist time to submit a damaging report. (Id.) Plaintiff's third claim was that the judge is biased and prejudiced because he will not recuse or disqualify himself "or the appointed lawyers." (Id. at 5.) In his fourth ground for relief, plaintiff alleged that the trial court and appointed counsel "keep violating [his] rights" by refusing to hear his motions. (Id.) Plaintiff also alleged that appointed counsel discussed his case with a prosecution witness without his consent. (Id. at 6.) In a typed attachment to the form petition, plaintiff alleged many of the same facts alleged in the civil rights complaint now before this court for screening. (Id. at 7-11.)

The docket for case No. CIV S-06-1153 FCD PAN reveals that an order and findings and recommendations were filed on June 16, 2006, by the Honorable John F. Moulds, temporarily assigned to the case due to the retirement of the assigned magistrate judge. Judge Moulds found that plaintiff was challenging state proceedings that are in the nature of criminal proceedings and are still ongoing in the trial court. Judge Moulds recommended that the habeas case be dismissed without prejudice because plaintiff is not entitled to relief from the federal court at this time. The findings and recommendations were adopted in full on September 20, 2006, and the case was closed on that date. Plaintiff has filed a notice of appeal, and his request for a certificate of appealability is pending.

1       The undersigned finds that this civil rights action must be dismissed. Plaintiff has
2 not carried his burden of demonstrating that the defendants were acting under color of state law
3 for purposes of § 1983. Indeed, it is evident that the defendants were <u>not</u> acting under color of
4 state law for the very reason plaintiff claims they <u>were</u> acting under color of state law. Plaintiff
5 asserts that Adam Weiner "was appointed to represent plaintiff by the El Dorado Superior Court,
6 and he is a regular court appointed attorney for that court, and Davia is assisting him." (Compl.,
7 Attach. at 2.) In <u>Polk County v. Dodson</u>, the Supreme Court expressly held that an attorney
8 appointed by the state to represent an individual in state court "does not act under color of state
9 law when performing a lawyer's traditional functions as counsel." 454 U.S. at 325. The Court
10 explained that an attorney's appointment entails "functions and obligations in no way dependent
11 on state authority." <u>Id.</u> at 318 (citing <u>United States v. Classic</u>, 313 U.S. 299, 326 (1941)). Once
12 Adam Weiner was appointed as plaintiff's counsel, the relationship between Adam Weiner and
13 plaintiff "became identical to that between any other lawyer and client," except for the source of
14 counsel's payment. <u>See id.</u> ("'Once a lawyer has undertaken the representation of the accused,
15 the duties and obligations are the same whether the lawyer is privately retained, appointed, or
16 serving in a legal aid or defender program.'").

17       Although the <u>Dodson</u> Court noted that there may be circumstances in which a
18 public defender acts under color of state law, 454 U.S. at 324-25, such circumstances are not
19 present in plaintiff's case. The Court cited <u>Branti v. Finkel</u>, 445 U.S. 507 (1980), a case in which
20 the Court had previously found that a public defender was acting under color of state law when
21 making hiring and firing decisions on behalf of the State, and speculated that a public defender
22 might also act under color of state law "while performing certain administrative and possibly
23 investigative functions." <u>Id.</u> Defendant Adam Weiner is not a public defender and was not
24 making administrative decisions or performing any administrative duties on behalf of El Dorado
25 County while representing plaintiff. Although defendant Davia Weiner is a deputy public
26 defender, she was not acting in that capacity while assisting her husband as appointed counsel.

Plaintiff's citation to Miranda v. Clark County Nevada, 319 F.3d 465 (9th Cir. 2003) (en banc), is unavailing. In Miranda, Roberto Hernandez Miranda brought a federal civil rights action after his capital murder conviction was overturned by a state court. The state court had determined that Miranda did not receive effective assistance of counsel because the assistant public defender who represented him failed to investigate. 319 F.3d at 467. Miranda brought his § 1983 action against the assistant public defender who had represented him, the head of the county's public defender office, and Clark County. Id. The district court dismissed the entire action for failure to state a claim upon which relief could be granted. A three-judge panel of the Ninth Circuit affirmed the dismissal. The en banc court affirmed the dismissal of the assistant public defender but reversed as to Clark County and the head of the county's public defender office. Id. at 467-68.

The en banc court noted that the assistant public defender "was, no doubt, paid by government funds and hired by a government agency" but performed a lawyer's traditional functions once he assumed his role as Miranda's counsel. Id. at 468. The court found that the assistant public defender was not acting on behalf of the county and that Dodson compelled the conclusion that the assistant public defender was not a state actor for purposes of § 1983. Id. In contrast, the administrative head of the county's public defender's office was not representing Miranda, did not have a lawyer-client relationship with Miranda, acted only as the administrative head of the agency, and, accepting Miranda's allegations as true at screening, instituted policies for the allocation of resources that led to the miscarriage of justice suffered by Miranda. Id. at 469-70. Miranda also alleged that Clark County had a policy of assigning capital cases to inexperienced attorneys without providing training. Id. at 471. Miranda was permitted to proceed on his claims against Clark County and the head of the public defender office because neither defendant performed a lawyer's traditional functions for Miranda. Miranda was barred from proceeding against the assistant public defender who was appointed to represent him and who performed only the traditional functions of counsel.

In the present case, accepting plaintiff's allegations as true, both of the defendants performed the traditional functions of counsel for plaintiff in his state court proceedings. Plaintiff's claims must be dismissed because the defendants are not state actors for purposes of § 1983. "[I]t is the traditional lawyer role that controls." 319 F.3d at 468.

Plaintiff's civil rights claims are flawed in another respect. Plaintiff alleges that defendants' conduct resulted in confinement past his release date, and he seeks compensation predicated on the alleged illegal confinement. Such allegations imply the invalidity of plaintiff's current confinement and suggest that plaintiff is entitled to immediate release, despite the fact that his state proceedings are ongoing. When a prisoner seeks money damages based on allegations that imply the invalidity of his confinement, the prisoner may not seek damages from any defendant under § 1983 until he has established, through appropriate state or federal remedies, that his confinement is in fact illegal. Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). See Harvey v. Waldron, 210 F.3d 1008, 1013-14 (9th Cir. 2000) (holding that "there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter). Thus, if the defendants in this action were state actors, this action would be dismissed because plaintiff's claims attack the validity of his confinement.

In addition, documents filed in case No. CIV S-06-1153 reveal that the injunctive relief sought by plaintiff in this action is moot. Plaintiff has requested that the defendants "get out of his life." In objections plaintiff filed in case No. CIV S-06-1153 on June 22, 2006, and July 18, 2006, plaintiff reveals that Adam Weiner "declared a conflict of interest" and left plaintiff's case after the California Supreme Court directed the state attorney general to file an informal response to plaintiff's allegations concerning his appointed counsel. A deputy public defender has now been appointed to represent plaintiff in El Dorado County. Plaintiff no longer needs an order requiring the defendants to get out of his case and his life. The facts revealed in plaintiff's federal habeas case also demonstrate that, contrary to plaintiff's allegations, plaintiff

9

had remedies other than a federal suit under § 1983 and that availing himself of state remedies was not futile.

The traditional lawyer role played by the defendants while representing plaintiff precludes a finding that either defendant was a state actor at the relevant times.  This action should be dismissed with prejudice because plaintiff cannot cure this defect in his pleading.

Accordingly, IT IS ORDERED that:

1.  Plaintiff's December 2, 2005 application to proceed in forma pauperis is denied and plaintiff's December 6, 2005 application to proceed in forma pauperis is granted;

2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.  Plaintiff is assessed an initial partial filing fee of $2.50.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Mental Health filed concurrently herewith; and

IT IS RECOMMENDED that this action be dismissed with prejudice as legally frivolous and for failure to state a claim upon which relief can be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 6, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
atte2383.56